IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:06-CV-1732-K |
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Exxon Mobil Corporation's ("Exxon") Motion to

Strike Expert Witness Designation (Doc. No. 79). Exxon argues that none of the experts

designated by Plaintiff Equal Employment Opportunity Commission ("EEOC") will

provide evidence relevant to the issue of "continuing validity" of the age-based

mandatory retirement rule Exxon uses for its company pilots. This Court finds that the

EEOC's experts, as represented in the agency's response, will provide evidence relevant

to the issue on remand from the Fifth Circuit. The motion is **DENIED**.

I.      **Background**

Exxon is an international oil and gas company. It maintains its own aviation

department, with corporate jets and personnel to carry employees and others to

destinations around the world. At the time this lawsuit was filed, Exxon forced its pilots

to retire when they reached 60 years of age. This policy mirrored the Federal Aviation

Administration's ("FAA") policy for commercial pilots. The rationale behind the rule was that pilots above the age of 60 are at a heightened risk of experiencing "health events" while flying. These "health events," including strokes and heart attacks, could affect the safety of the passengers the pilots were carrying and the public in general. The FAA has explained at different times that there is no testing currently available that can determine with a sufficient degree of accuracy which pilots are at an unacceptable risk of suffering these types of "health events." The Age 60 Rule, as it was known, was used as a proxy for such testing by the FAA for over 50 years.

Since this lawsuit was filed in September 2006, the FAA has revised its regulations to allow commercial pilots up to age 65 to fly domestically, so long as they are accompanied by a pilot under the age of 60 ("the Age 60/65 Rule"). Part 121 Pilot Age Limit, 74 Fed. Reg. 34,229-01 (July 15, 2009) (to be codified at 14 C.F.R. § 121.383(e). Exxon made an identical change to its company policy. Since this was not the rule at the time Exxon acted, it does not bear on the issue at hand. Whether Exxon uses the Age 60 Rule or the Age 60/65 Rule seems largely irrelevant; the EEOC disagrees with any use of an age-based mandatory retirement rule. So, to avoid confusion, this Court will refer to these regulations collectively as "age-based mandatory retirement" rules.

When several Exxon pilots were removed from their positions in accordance with the company's age-based mandatory retirement rule, the EEOC investigated. The FAA rules regarding mandatory retirement for pilots do not apply to every pilot in the skies; Exxon adopted the FAA regulation voluntarily. Exxon's pilots are classified as

"company" pilots, as opposed to "commercial" pilots, due to their job duties and the types of aircraft they operate. This means that copying FAA regulations does not automatically insulate Exxon from claims arising from this mandatory retirement policy.

The EEOC concluded that Exxon's policy violated the Age Discrimination in Employment Act ("ADEA") and filed suit against Exxon on September 22, 2006. Exxon argued that the age of a pilot is a bona fide occupational qualification ("BFOQ") because of concerns for public safety, a defense to claims of age discrimination. 29 C.F.R. § 1625.6 (2011). The burden of proof rests with the employer when it asserts a BFOQ defense to present evidence that an age-based rule is reasonably necessary to the normal operation of the employer's business. *E.E.O.C. v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 710 F.2d 1091, 1093 (5th Cir. 1983).

This Court granted summary judgment to Exxon on its affirmative defense of a BFOQ on April 28, 2008. As grounds for summary judgment, this Court found that Exxon's operations were congruent to commercial operations where FAA regulations are mandatory and that the FAA's Age 60 Rule was based on safety. The EEOC appealed that decision and argued that it was not allowed to pursue discovery on the issue of "continuing validity" of an age-based mandatory retirement rule before this Court granted summary judgment. The Fifth Circuit agreed, and remanded this case to afford the EEOC that opportunity. *E.E.O.C. v. Exxon Mobil Corp.*, 344 F. App'x 868 (5th Cir. 2009).

To avoid duplicative work, this Court restricted discovery upon remand to the issue of "continuing validity" of Exxon's age-based mandatory retirement rule for pilots. *See* Scheduling Order, Doc. No. 58. The EEOC designated its experts for trial on October 29, 2010. All of the EEOC's experts question the effectiveness and necessity of an age-based mandatory retirement rule. Resp. at 11–15. Exxon challenged these designations on November 11, 2010, and argues that all of the EEOC's experts are irrelevant to the issue of "continuing validity" and outside the scope of the discovery restrictions established in this Court's Scheduling Order. Specifically, Exxon asserts that the EEOC is mounting an impermissible collateral attack on the wisdom of the FAA's age-based mandatory rule.

## II.     Legal Standard for Relevance of Expert Testimony

Courts act as gatekeepers when it comes to the admissibility of expert testimony. *Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009). Relevant evidence is evidence having "any tendency" to make any fact of consequence "more probable or less probable." FED. R. EVID. 401. Relevance depends upon whether or not an expert's "reasoning or methodology properly can be applied to the facts in issue." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007).

## III.    Analysis

From the opinion issued by the Fifth Circuit on appeal, it is not clear whether the panel used "continuing validity" to mean: (1) that the FAA has continued to accept that

an age limit is the only proxy for adequate pilot safety; or (2) whether it meant the EEOC was allowed to attack the reasonableness of an age-based mandatory retirement rule as applied by Exxon. *Exxon Mobil*, 344 F. App at 872. The significance of the distinction is that, under the first interpretation, Exxon must only prove that the FAA continues to believe that an age-based rule is necessary for safety to establish its BFOQ defense. Under the second, Exxon would be required to present evidence that there are no "acceptable alternatives which would. . .advance [public safety] with less discriminatory impact" than an age-based mandatory retirement rule. 29 C.F.R. § 1625.6(b) (describing a BFOQ defense to an age discrimination claim).

The appellate opinion found important the fact that the EEOC had pointed this Court to FAA statements suggesting the FAA "no longer supported its age-based rule. . . ." *Id*. at 870. The opinion also indicates that the EEOC should be allowed to present evidence that "reliable, individualized testing had been available to ascertain which among older pilots are unsafe." *Id*. at 872. Exxon supports the first interpretation and the EEOC supports the second.

The answer to the first interpretation seems obvious: the FAA continues to employ an age-based mandatory retirement rule for commercial pilots, 14 C.F.R. § 121.383(e) (2011), and has stated that an age-based rule remains the safest way to determine the risk of "health events" in older pilots, *FY 2007 FAA Budget and the Long-term Viability of the Airport and Airway Trust Fund: Hearing before the Subcomm. on Aviation*

*of the S. Comm. on Commerce, Sci., and Transp.*, 109th Cong. 55 (2006) (statement of Marion Blakey, FAA Administrator). This Court finds it unlikely this case was remanded for determination of whether or not the FAA continues to stand behind its own age-based mandatory retirement regulation.

Therefore, "continuing validity" must mean that the EEOC is allowed to attack the logic and reasonableness of an age-based mandatory retirement rule as applied by Exxon, i.e. in contexts where it is not mandatory. *See W. Air Lines, Inc. v. Criswell*, 472 U.S. 400, 418 (1985) (identical FAA regulation is only *probative* in contexts where it is not mandatory, meaning the proponent must offer evidence in addition to the existence of the regulation). As described by the EEOC in its response, its experts will provide facts and analysis on alternative methods of safety testing for more experienced pilots. The EEOC's experts will also discuss the availability of these methods when Exxon adopted its version of the Age 60 Rule, which Exxon enforced at least as early as 1999 through the date this lawsuit was filed. The EEOC asserts these experts will be used to rebut evidence Exxon is required to produce as part of its BFOQ defense to age discrimination. *See Criswell*, 472 U.S. at 418; 29 C.F.R. § 1625.6(b). Under the second interpretation, this Court finds that the EEOC's experts are relevant. FED. R. EVID. 401 (evidence having "*any* tendency" to make a fact more or less likely is relevant).

**IV.    Conclusion**

This Court finds that the experts designated by the EEOC will provide relevant testimony as to the "continuing validity" of Exxon's age-based mandatory retirement rule as applied to Exxon's company pilots.  Therefore, Exxon's motion is **DENIED**.

**SO ORDERED**.

Signed February 14th, 2011.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE